IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                    Plaintiff,

vs.                                           No. 12-CR-128 JB-1

HOMERO VARELA,

                    Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER is before the Court on the United States of America's oral motion for detention and a detention hearing conducted on February 9, 2012.

Pursuant to the parties' request, the Court judicially noticed the Pretrial Services' report and recommendation which proposed detention, as well as the pleadings filed in this case, specifically, the January 24, 2012 Indictment and a 77-page affidavit executed by Special Agent Gerald T. Maestas and earlier submitted to the Honorable W. Daniel Schneider. It is this affidavit that formed the basis of Judge Schneider's determination that there was probable cause to issue various search warrants relating to the investigation in this case.

Based on the parties' proffers and the Court's judicially noticing the aforesaid documents, the Court determines as follows.

1. Defendant Homero Varela ("Varela") is charged in a multi-count Indictment returned on January 24, 2012 with the following offenses:

> Count 1: 21 U.S.C. § 846, Conspiracy to Distribute Controlled
> Substances;
> Counts 2 - 4: 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A): Distribution of
> 50 grams and more of Methamphetamine;
> Count 5: 18 U.S.C. § 1956(h): Conspiracy to Launder Money;
> Count 6: 18 U.S.C. § 1957: Money Laundering;

Counts 15 - 29:  21 U.S.C. § 843(b): Use of a Telephone to Facilitate
a Drug Trafficking Offense; and
18 U.S.C. § 2: Aiding and Abetting

2.  Given the applicable penalties, the parties stipulate that the rebuttable presumption under 18 U.S.C. § 3142 is applicable.  Under this statute, there is a presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142.  That presumption may be rebutted by the defendant.

3.  Section 3142(g) sets out the factors which a judicial officer shall consider in determining whether there are conditions of release that can reasonably be fashioned to assure the appearance of the person as required and the safety of any other person or that of the community.

4.  The Court is required to consider the nature and circumstances of the offense charged, including whether the crimes involve controlled substances or use of firearms.  In this case, they involve both.  In a multi-count Indictment, the Grand Jury charges a large poly drug case involving kilo quantities of cocaine, marijuana, and methamphetamine.  Moreover, the DEA agent's affidavit, page 43, ¶¶ 139 and 140, detail Varela's intercepted telephone calls wherein there is a discussion between Varela and a co-Defendant arranging the transfer of weapons in lieu of payment for a drug debt.  The weapons include a number of fully automatic AK 47s assault rifles and UZI submachine guns, including one with a silencer, and various pistols.  Id.  The case agent states that Defendants intended to transfer these weapons to the Sinaloa Cartel in the Republic of Mexico.

5.  The nature and circumstances of the crimes implicate Varela in the Mexican Sinaloa Cartel, one of the largest and deadliest drug trafficking organizations in the North American continent.  The Sinaloa Cartel is involved in large-scale drug trafficking and has been implicated in multiple brutal deaths in the Republic of Mexico and elsewhere as part of the ongoing conflicts for control of the international drug trade.

2

6.   The Court is required to consider the weight of the evidence.  At this stage of the proceedings, a federal Grand Jury returned an Indictment against Varela and others after finding probable cause to believe that crimes were committed and were committed by Varela.  Thus, the weight of evidence is substantial.

7.   The Court must consider the history and characteristics of the person.  The Pretrial Services report indicates that Varela was born in the Republic of Mexico and maintains connection with and travels to the Republic of Mexico.  Although he is now a naturalized American citizen, he traveled to the Mexican Republic as recently as last month.  His passport was seized by law enforcement at the time of a search.

8.   Varela's assets, vehicles and ownership, including ownership of a number of high-priced racehorses, show that Varela enjoys a lifestyle well beyond his ability to pay for it based on his reported income.  Thus, the money to sustain his lifestyle is coming from sources other than those disclosed to the IRS.

9.   The Court must consider Varela's past conduct and criminal history.  Varela has no felony or misdemeanor convictions, but has a history of abusive, violent behavior which resulted in three separate charges of domestic assault.  The victim in each of the cases is his spouse, the very person he asks to serve as his custodian.

Varela argues that charges in all three cases were dismissed.  However, it is common knowledge that, in domestic abuse cases, a victim often believes that if she refuses to prosecute, the beatings will stop.  In this case, notwithstanding the first criminal charge in 2002, Varela was again charged with battery against a household member on two occasions in 2009.

10.   The Court is required to consider Varela's history, if any, of substance abuse.  Both Varela and his spouse deny any illicit drug use, but both state that Varela is a daily consumer of

alcohol.  Varela states that he drinks beer on a daily basis, but contends it is only one beer a day. His wife confirms that her husband consumes alcohol on a daily basis, but estimates that he consumes six beers a day.  The information conveyed to Pretrial Services indicates that Varela may well have an unresolved problem with alcohol abuse.  Given his violent history, it appears that alcohol plays a significant role in his dealings with others.

11.  The Court is required to consider the nature and seriousness of the danger posed to the community if Varela is released.  The affidavit submitted in support of the search warrants portrays a major drug trafficking organization that has ensnared multiple defendants.  Moreover, given the quantity of money allegedly attributed to the drug trafficking activities, this present case is one of the largest drug trafficking cases before this Court in recent memory.

This case does not involve a single or two-time sale of drugs, but, rather, ongoing drug activity on a major scale with supplies extending from the Republic of Mexico to multiple states in the United States.  As earlier indicated, given the alleged involvement of the Sinaloa Cartel, and especially Cartel "hit team enforcers," there is tremendous danger that the community will suffer should these alleged activities continue while Varela is awaiting trial.

12.  Federal law creates a rebuttable presumption.  In this case, the presumption has not been overcome.  At most, Varela proposes that he be released on his own to live with his spouse who is the victim of three prior domestic violence charges, and that he be put on electronic monitoring.

13.  Given the fact that the international border is a few hours away, any individual who had an incentive to flee could easily do so, and the GPS monitor would not prevent that conduct.  The significant penalties Varela faces, if convicted, may well prompt him to flee

14.  The nature, extent and duration of the alleged large-scale drug trafficking operation shows that Varela poses an extreme danger.  The presumption is applicable here, i.e., no conditions

4

or combination of conditions will reasonably assure the appearance of Varela or the safety of the community should Varela be released.

The Court concludes it has jurisdiction over the Defendant; that the presumption under 18 U.S.C. § 3142 is applicable; and that the presumption has not been rebutted.

Accordingly, the government's motion for detention is granted and Varela is ordered to remain in the custody of the United States Marshal Service pending trial.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge